UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |  | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | 02 CR 635 | |
| | ) | | |
| KEVIN TURNER, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This case comes before the court on the motion of Defendant Kevin Turner for a reduction of his sentence pursuant to 18 U.S.C. § 3582. For the reasons stated below, Turner's motion is denied.

## **BACKGROUND**

On October 22, 2003, Turner pleaded guilty to one count of conspiring to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846. As a result of Turner's substantial assistance to the United States, he and the government entered into a plea agreement pursuant to Fed. R. Crim. P. 11(e)(1)(C).[1] The plea

---

[1] Fed. R. Crim P. 11(e)(1)(C) has since been renumbered and is now found in Rule 11(c)(1)(C). *See* Fed. R. Crim. P. 11 advisory committee's note on 2002 amendments (reflecting reorganization of Federal Rules of Criminal Procedure to make them more easily understood).

agreement stated that the government would ask the Court to depart from the applicable guidelines range and impose a sentence of 280 months' imprisonment in exchange for Turner's continued cooperation. The government's proposal represented a significant departure from the guideline calculation which resulted in a range of 360 months to life imprisonment for Turner. The court accepted the plea agreement and imposed the agreed-upon sentence on February 26, 2004.

On January 12, 2006, the government moved pursuant to Fed. R. Crim. P. 35 to further reduce Turner's sentence in light of his continued cooperation in the prosecution of others. On March 13, 2006, we granted the government's motion and reduced Turner's sentence to 180 months.

In 2007, the United States Sentencing Commission issued Amendments 706 and 711 to the sentencing guidelines, "which retroactively reduced by two offense levels certain crack offenses and provided instruction on how to calculate the base offense level for offenses involving crack and another drug type." *United States v. Woods*, 581 F.3d 531, 537 (7th Cir. 2009). Turner now moves to modify his term of imprisonment imposed based upon these amendments under 18 U.S.C. § 3582(c)(2).

**DISCUSSION**

The government contends that Turner is ineligible for a sentence reduction because the court imposed sentence pursuant to a plea agreement and not based on the

applicable guideline range. Once a defendant has been sentenced in a criminal case, a district court can modify the term imposed only in certain circumstances. 18 U.S.C. § 3582(c). Section 3582(c)(2) provides that a court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" (emphasis added). Unless the plea agreement contains explicit language to the contrary, "a sentence imposed pursuant to a Fed. R. Crim P. 11(c)(1)(C) plea agreement cannot be said to be 'based on' the Sentencing Guidelines" under § 3582(c)(2). *United States v. Ray*, 598 F.3d 407, 411 (7th Cir. 2010). The court imposed Turner's original sentence upon acceptance of a Rule 11(c)(1)(C) agreement between Turner and the government. Under these circumstances Turner is ineligible for any reduction of sentence under § 3582(c)(2).

Moreover, even if Turner's sentence had been determined according to the Sentencing Guidelines, Amendments 706 and 711 do not lower the sentencing range that would have applied in Turner's situation. In his guilty plea, Turner admitted responsibility for over 150 kilograms of powder cocaine. Even if we entirely discounted the crack cocaine for which Turner was responsible, his base offense level would remain at 38 based solely on the amount of powder cocaine for which he assumed responsibility. *See United States v. White*, 582 F.3d 787, 798-99 (7th Cir. 2009). In

short, the quantity of powder cocaine in this case would render § 3582(c) inapplicable to Turner's case.

Finally, the fact that we previously granted a motion to modify Turner's sentence under Fed. R. Crim. P. 35 does not alter the outcome in this instance. A defendant who previously obtained a sentence reduction pursuant to Rule 35 based upon considerations that are "in no way based on or affected by [the] otherwise applicable sentencing range" may not seek further modification of his or her sentence under 18 U.S.C. § 3582(c). *United States v. Poole*, 550 F.3d 676, 680 (7th Cir. 2008). We granted the government's Rule 35 motion for reasons independent of the relevant guideline range. Turner may not premise his eligibility for modification of his sentence under 18 U.S.C. § 3582(c) upon our order granting the government's motion under Fed. R. Crim. P. 35.

## CONCLUSION

Turner's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) is denied.

Charles P. Kocoras
United States District Judge

Dated: May 10, 2010